IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANIEL LEWIS CRAIG,<br><br>          Plaintiff,<br><br>v.<br><br>TOPEKA RAINTREE APARTMENTS, LLC, et al.,<br><br>          Defendants. | Case No. **24-cv-4104-TC-TJJ** |

**ORDER SETTING DEADLINES AND STAYING FURTHER DISCOVERY**

On March 17, 2025, U.S. Magistrate Judge Teresa J. James held a telephone scheduling conference. Plaintiff appeared through counsel, Christopher Molzen. Defendant Topeka Raintree Apartments, LLC appeared through counsel, S.J. Moore. After discussion with counsel, the Court set the following two deadlines: The parties shall exchange the documents described in their Fed. R. Civ. P. 26(a)(1) initial disclosures by **April 1, 2025**. Any motion to join additional parties shall be filed by **April 4, 2025**.

The Court heard further argument regarding its prior Order denying without prejudice Defendant's Motion to Stay Discovery (ECF No. 23). Upon further reflection after consideration of the arguments and additional information provided at the scheduling conference, the Court stays further discovery in this case pending resolution of Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 9). The Court departs from its longstanding general policy to proceed with

discovery despite pending dispositive motions.[1] The Court finds it appropriate to stay further discovery in this case under one or more of the following exceptions:

> [T]he case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome.[2]

Here, the Court finds the extensive and potentially burdensome discovery the parties intend to pursue is a compelling reason for issuance of a stay until the District Judge rules on Defendant's motion to dismiss. The parties have indicated this case will likely involve many fact witnesses, and thus will require both parties to incur substantial costs that may end up being unnecessary if Defendant's motion to dismiss is ultimately granted. The Court thus finds that allowing further discovery to proceed would be wasteful and burdensome particularly when considering the limited and purely legal arguments Defendant makes in its motion to dismiss. If that motion is granted, the entire case will be dismissed. Based upon the additional arguments presented at the scheduling conference, the Court is persuaded by the strength of Defendant's argument for dismissal of the case. The Court thus finds the inconvenience of a temporary stay of further discovery until a ruling is entered on Defendant's motion to dismiss is outweighed by the burden and expense of permitting further discovery.

**IT IS THEREFORE ORDERED** that further discovery (except for the parties' exchange of documents described in their Fed. R. Civ. P. 26(a)(1) initial disclosures) and pretrial proceedings

---

[1] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) ("The general policy in this district is not to stay discovery even though dispositive motions are pending.").

[2] *Id.*

are hereby stayed pending further order of the Court after the District Judge rules on the Motion to Dismiss (ECF No. 9) filed by Defendant Topeka Raintree Apartments LLC. This stay does not apply to the filing and briefing of any motion to join additional parties.

**IT IS FURTHER ORDERED** that if the District Judge's denies the Motion to Dismiss (ECF No. 9), an order will be entered setting another scheduling conference.

**IT IS SO ORDERED**.

Dated March 20, 2025, in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge