IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANIEL LEWIS CRAIG,<br><br>      Plaintiff,<br><br>v.<br><br>TOPEKA RAINTREE APARTMENTS, LLC, et al.,<br><br>      Defendants. | Case No. **24-cv-4104-TC-TJJ** |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Amend Complaint (ECF No. 28). Plaintiff requests an order granting him leave to file his proposed First Amended Complaint adding the California-based entity, Landmark Realty, LLC, as a Defendant. Existing Defendant Topeka Raintree Apartments, LLC ("Topeka Raintree") opposes the motion, arguing it should be denied as futile because all the negligence claims Plaintiff seeks to assert against this new entity are barred by the statute of limitations. As explained below, Plaintiff's motion is granted.

### I.    Factual and Procedural Background

Plaintiff filed his petition in the District Court of Shawnee County, Kansas in July 2024, asserting claims for negligent hiring, retention and training against Topeka Raintree and the following other defendants: "Landmark Realty, LLC; Raintree Apartments;[1] John Doe, LLC/Co./Inc.; and John Does."[2] Plaintiff's claims stem from injuries he sustained during a January

---

[1] In the Notice of Removal (ECF No. 1), the removing Defendant states "Raintree Apartments" is a fictitious entity with no business designation and is not listed with the Kansas Secretary of State.

[2] Petition (ECF No. 1-1).

13, 2022 interaction with two maintenance employees, who allegedly attempted to forcefully remove the Plaintiff from the apartment premises through excessive and unnecessary force.

On October 18, 2024, Topeka Raintree removed Plaintiff's action to this Court. In the Notice of Removal, Topeka Raintree states Plaintiff mistakenly named Landmark Realty, LLC ("Landmark Kansas") as a defendant.[3] It further explained:

> Landmark Kansas has no involvement in any respect with the management of the Topeka Raintree Apartments. Instead, Topeka Raintree (the owner of the apartment complex) retained a different company named Landmark Realty, LLC to manage and operate the Topeka Raintree Apartments—that entity ("Landmark California") is a limited liability company organized under California law.[4]

Topeka Raintree then filed a motion to dismiss all Plaintiff's claims as time barred because they were not filed within the two-year statute of limitations.[5] Landmark Kansas also filed a motion to dismiss Plaintiff's claims as time-barred and because it is not a real party to the controversy.[6] On February 5, 2025, Plaintiff voluntarily dismissed his case against Landmark Kansas.[7]

At the March 17, 2025 scheduling conference, Plaintiff's counsel indicated he intended to amend the complaint to identify the correct "Landmark Realty, LLC" entity that managed the property where the incident occurred. The Court set deadlines for filing any motion to join additional parties and exchanging documents described in the parties' Fed. R. Civ. P. 26(a)(1)

---

[3] Notice of Removal (ECF No. 1). Topeka Raintree removed Plaintiff's state court action to this Court based upon diversity jurisdiction under 28 U.S.C. § 1332(a). To avoid lack of diversity with Plaintiff, who is a citizen of Kansas, it argued the originally named defendant Landmark Kansas had been "fraudulently joined" and its citizenship should be disregarded for purposes of jurisdiction.

[4] *Id*. at 3.

[5] ECF No. 9.

[6] ECF No. 12.

[7] Voluntary Dismissal of Defendant Landmark Realty, LLC (ECF No. 15).

initial disclosures. The Court then stayed further discovery and pretrial proceedings until the Court rules on Topeka Raintree' pending motion to dismiss.[8] Plaintiff timely filed the instant Motion to Amend Complaint.

## II.     Legal Standards Governing Amendment of the Pleadings

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that a party may amend a pleading "once as a matter of course" before trial if it does so within certain deadlines.[9] Other amendments are allowed "only with the opposing party's written consent or the court's leave."[10] Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[11] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[12] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[13]

---

[8] Order Setting Deadlines and Staying Further Discovery (ECF No. 26).

[9] *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").

[10] Fed. R. Civ. P. 15(a)(2).

[11] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[12] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[13] *Id.* (quoting *Foman*, 371 U.S. at 182).

3

When a court is faced with a motion to amend seeking to join an additional party, the Court must consider not only the amendment provisions of Rule 15(a), but also the joinder provisions of Rules 19 and 20. Rule 19 sets forth the criteria for *required* joinder, while Rule 20 governs *permissive* joinder.

### III.    Whether Joinder of Landmark California is Proper

Neither Plaintiff nor Topeka Raintree addresses whether joinder of Landmark California is required under Rule 19, and the Court does not have sufficient information from the briefing to make that determination here. The Court therefore analyzes whether Plaintiff has met the more lenient standard for permissive joinder of Landmark California under Rule 20. As Plaintiff is proposing to join Landmark California as a defendant, the Court looks to Rule 20(a)(2) governing permissive joinder of defendants.[14] That Rule provides a person or entity may be joined in one action as a defendant if:

> (A) any right to relief is asserted against [it] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.[15]

The purpose of Rule 20(a) is to "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits."[16] "[J]oinder of claims, parties and remedies is

---

[14] *See SourceRock Energy Partners, LP v. Redhawk Advisors, LLC*, No. 21-1299-TC-ADM, 2022 WL 1125565, at *3 (D. Kan. Apr. 15, 2022) (applying Rule 20(a)(2) in ruling on the defendant's motion for leave to join counterclaim defendants).

[15] Fed. R. Civ. P. 20(a)(2).

[16] *SourceRock Energy*, 2022 WL 1125565, at *2 (quoting 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1652 (3d ed. 2001)).

strongly encouraged," and courts liberally construe the joinder provisions of Rule 20.[17] The Court, however, has discretion to deny a request to join parties "if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense, or delay."[18]

The Court finds the entity Plaintiff seeks to add as a defendant meets the standard for permissive joinder under Rule 20. Plaintiff's proposed negligence claims against Landmark California are identical to those asserted against Topeka Raintree and the other Defendants. The claims arise out of the same January 2022 occurrence at the apartment property owned by Topeka Raintree. Plaintiff alleges in his First Amended Complaint that Landmark California "acted in concert and has an agency relationship with the other defendants to manage the apartment complex," where the alleged incident at issue in this case occurred. The Court also finds there will likely be questions of law or fact common to the existing Defendants and Landmark California, such as which entity employed the two maintenance employees who allegedly forcibly removed Plaintiff from the premises. Plaintiff supports his motion with references to the 2018 Management Agreement between Topeka Raintree and Landmark California, which identifies Landmark California as Topeka Raintree's property agent. Topeka Raintree also acknowledges in the Notice of Removal that it retained the entity Landmark California to manage and operate its property. Finally, Plaintiff alleges in his motion that diversity of citizenship will not be destroyed since the

---

[17] *Id.* (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).

[18] *Fergus v. Faith Home Healthcare, Inc.*, No. 2:18-CV-02330-JWL-TJJ, 2018 WL 6727063, at *5 (D. Kan. Dec. 21, 2018) (quoting 7 Fed. Prac. & Proc. Civ. § 1652).

sole LLC member of Landmark California has a California domicile. The Court therefore finds Plaintiff should be allowed to permissively join Landmark California under Rule 20(a)(2).

### IV. Whether Plaintiff's Motion to Add Landmark California Should be Denied as Futile

Topeka Raintree argues Plaintiff's motion to amend his complaint to add a new defendant should be denied because the putative claims Plaintiff seeks to assert against the new party are futile. It argues Plaintiff's claims against the party to be added, Landmark California, are subject to dismissal for the reasons argued in its own pending motion to dismiss, namely that the claims are barred by the applicable statute of limitations and not saved under the Kansas Savings Statute.

In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[19] Therefore, the court will deny an amendment on the basis of futility only when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines the plaintiff has not presented a claim to relief that is plausible on its face.[20]  A complaint or amendment thereof need only make a statement of the claim and provide some factual support to withstand dismissal.[21]  It does not matter how likely or unlikely the party is to actually receive such relief, because for the purposes of dismissal all

---

[19] *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007).

[20] *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[21] *Twombly*, 550 U.S. at 555.

allegations are considered to be true.[22] The party opposing the proposed amendment bears the burden of establishing its futility.[23]

In this case, Topeka Raintree's futility argument essentially raises a statute of limitations affirmative defense for the benefit of the entity, Landmark California, who has not yet been joined to this action. The Court therefore declines to consider the futility argument raised by Topeka Raintree to oppose Plaintiff's joinder of Landmark California to this action. Once added by the First Amended Complaint, Landmark California can file a motion to dismiss and assert any applicable defenses.

Under the circumstances presented here, the Court finds Plaintiff should be granted leave to amend his complaint for the purpose of adding Landmark California as a defendant. Plaintiff has alleged, and Topeka Raintree does not deny, Landmark California was the entity that managed and operated the apartment property where Plaintiff was allegedly forcibly removed by maintenance employees. Allowing Plaintiff to add Landmark California as a defendant in this case will allow for the resolution of Plaintiff's claims against all involved parties in one action and prevent the filing of multiple lawsuits. The existing named Defendants will suffer no undue prejudice from allowing the requested amendment, other than the necessity of revising and refiling any prior motion to dismiss if they desire to do so. Pursuant to Rule 15(a)(2)'s dictate that the Court freely give leave to amend "when justice so requires," and consistent with Rule 1, the Court

---

[22] *Id.* at 556.

[23] *See U.S. Bank Nat'l Ass'n v. Multi Serv. Corp.*, No. 15-CV-7502-EFM-KGS, 2015 WL 9272846, at *2 (D. Kan. Dec. 1, 2015) ("The party opposing the amendment has the burden to show the basis for denial.").

grants Plaintiff's request for leave to file his proposed First Amended Complaint to add the California-based entity, Landmark Realty, LLC.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (ECF No. 28) is granted. Plaintiff is granted leave to file his proposed First Amended Complaint for Civil Damages, attached to his motion, <u>but shall first revise the caption to list all Defendants</u>. Plaintiff shall revise and file his proposed First Amended Complaint for Civil Damages by **<u>June 9, 2025.</u>**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve summons and the First Amended Complaint upon newly added defendant Landmark Realty, LLC **<u>within twenty-one (21) days</u>** of the date of the filing of the First Amended Complaint.

**IT IS SO ORDERED**.

Dated June 4, 2025, in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge